IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | |
|---|---|
| CACCHIOTTI PROPERTIES, LLC, a Washington limited liability company,<br><br>Respondent,<br><br>v.<br><br>BRADLEY PHILLIPS and JANE DOE PHILLIPS, husband and wife, doing business as DESERT SUN LANDSCAPING, and DEVELOPERS SURETY AND INDEMNITY COMPANY, an Iowa corporation,<br><br>Appellants. | No. 34549-1-III<br><br>UNPUBLISHED OPINION |

KORSMO, J. — Desert Sun Landscaping appeals from the trial court's decision finding it in breach of its contract with Cacchiotti Properties. Because the evidence supports the bench verdict, we affirm.

## FACTS

The parties in this action are sole proprietors. Dino Cacchiotti, an orthodontist, hired Bradley Phillips, doing business as Desert Sun Landscaping, to build a fountain for

the new orthodontic office building he was constructing. The parties entered into a contract that called for Desert Sun to construct the fountain for the price of $13,541.45.

Desert Sun installed the fountain in a timely manner, completing work on July 20, 2013. Desert Sun had constructed and installed "45 or 50" similar water features in and about the Grant County area, including one at Dr. Cacchiotti's private residence. This fountain contained seven spray nozzles each surrounded by a decorative "rosette" made of concrete; each water pipe, made of a polyurethane material called "funny pipe," was attached to the rosette by a strong sealant. The spray nozzles and rosettes were affixed to a single flat concrete slab six inches thick. The system was largely self-contained, but connected to the building's plumbing to maintain water levels. Desert Sun selected the method of construction and structural components, with Cacchiotti providing input on the aesthetic features of the fountain.

Within six weeks of installation, one of the nozzles failed; by the time Desert Sun arrived to inspect the fountain, a second nozzle was not working. Phillips corrected the problem by removing mud, pebbles, and other debris from the fountain's catch basin. At trial, Mr. Phillips testified that dirt from a trench related to the building construction had been placed on the fountain's concrete pad, leading to the debris clogging the fountain. Dr. Cacchiotti denied that any dirt got in the fountain or that he was told by Phillips that was the cause of the problem.

2

Three weeks went by without apparent difficulty until a nozzle began experiencing fluctuating water pressure. The parties communicated by text message, with Phillips explaining it probably was "sediment off the concrete." Dr. Cacchiotti interpreted the message to mean that the concrete pad was disintegrating, while Phillips meant that construction debris was continuing to be a problem. On August 19, the parties discovered that the concrete slab had irreparably cracked. Phillips observed that the "funny pipe" had detached, resulting in water flowing underneath the concrete pad. He reattached the pipe.

Dr. Cacchiotti sued, alleging a breach of contract due to the failure of the fountain to operate after only six weeks. Desert Sun defended on the basis that the properly working fountain later was damaged by third parties who constructed the building. The matter proceeded to bench trial, apparently after having first undergone arbitration. The trial court concluded that Desert Sun had breached the contract and had failed to establish its affirmative defense that the fountain was damaged by someone else. Accordingly, judgment was ordered for the price of the contract, the cost of removing the fountain, and attorney fees.

Appropriate findings from the bench trial were entered. Desert Sun then timely appealed to this court.

ANALYSIS

Desert Sun argues that the trial court erred in not granting judgment to it on the basis that Cacchiotti Properties could not establish the cause of the fountain's failure. In this breach of contract action, Cacchiotti had no such burden.

We review the trial court's decision following a bench trial to determine whether the findings are supported by substantial evidence and whether those findings support the conclusions of law. *Dorsey v. King County*, 51 Wn. App. 664, 668-669, 754 P.2d 1255 (1988). Substantial evidence exists if the evidence is sufficient to persuade a fair-minded rational person of the truth of the evidence. *In re Estate of Jones*, 152 Wn.2d 1, 8, 93 P.3d 147 (2004). Appellate courts do not find facts and cannot substitute their view of the facts in the record for those of the trial judge. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 575, 343 P.2d 183 (1959). Accordingly, the presence of conflicting evidence does not prevent evidence from being "substantial." *E.g.*, *Merriman v. Cokeley*, 168 Wn.2d 627, 631, 230 P.3d 162 (2010).

The elements of a breach of contract action that must be established by the plaintiff are (1) a duty imposed by the contract that (2) was breached, with (3) damages proximately caused by the breach. *Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 78 Wn. App. 707, 712, 899 P.2d 6 (1995). Every contract imposes on the parties an implied duty of good faith and fair dealing in the performance of their contract so that each may obtain the full benefit of performance. *Badgett v. Sec. State Bank*, 116 Wn.2d

4

563, 569, 807 P.2d 356 (1991). In the construction setting, when "'a person holds himself out as specially qualified to perform work of a particular character, there is an implied warranty that the work which he undertakes shall be of proper workmanship and reasonable fitness for its intended use.'" *Hoye v. Century Builders, Inc.*, 52 Wn.2d 830, 833, 329 P.2d 474 (1958) (quoting *Hill v. Polar Pantries*, 219 S. C. 263, 64 S.E.2d 885, 888 (1951).

There are statutory defenses available for claims arising from construction work. RCW 4.16.300 et seq. In particular, RCW 4.16.326(a)-(c) provides affirmative defenses for such claims as vandalism, unreasonable actions of the property owner, and other actions of the owner or the owner's agent. These provided the basis for Desert Sun's affirmative defense at trial.

With this background in mind, we turn to Desert Sun's contentions here. It argues that the trial court erred in denying its mid-trial motion to dismiss due to the failure of Cacchiotti to establish the cause of the fountain's failure and that the trial court erred in rejecting its affirmative defense. As noted previously, there was no error.

The breach of contract action did not require Cacchiotti to establish how the fountain failed. The trial court concluded that a fountain which failed within six weeks of installation did not satisfy the implied warranty of fitness. *Hoye*, 52 Wn.2d 830. We agree. Accordingly, the first two elements of a breach of contract action were satisfied—Desert Sun had a contractual duty to provide a working fountain and breached

that duty because the fountain failed in short order.[1] The question of damages is not disputed in this appeal since both parties agree the fountain has to be removed rather than repaired.

Cacchiotti satisfied its obligation to establish the elements of a breach of contract action. A fountain should function for more than six weeks after installation. If Desert Sun warranted the fountain for a shorter period of time, it has not presented any evidence of that warranty.

The remaining issue is whether Desert Sun established its affirmative defense that the problem was caused by the building contractors digging a trench that led to dirt and pebbles getting into the fountain system. Although Desert Sun presented evidence in support of that theory, the trial court was not satisfied, citing to lack of supporting evidence such as pictures. This court is not in a position to re-weigh that evidence or to find persuasive that which the trier of fact found unpersuasive. *Quinn v. Cherry Lane Auto Plaza, Inc.*, 153 Wn. App. 710, 717, 225 P.3d 266 (2009). Accordingly, even if we agreed with Desert Sun's argument, we simply are not in a position to grant relief. The affirmative defense needed to be established during trial, not on appeal.

---

[1] An illustrative case is *Dania, Inc. v. Skanska USA Bldg. Inc.*, 185 Wn. App. 359, 340 P.2d 984 (2014). There a roof was installed that did not leak initially, but leaked after additional work was performed. The defendant, as here, contended the plaintiff could not establish the cause of the leak and presented evidence that its actions did not cause the leak. Division Two of this court concluded that questions of fact existed that needed to be resolved at trial.

No. 34549-1-III
*Cacchiotti Properties, LLC v. Phillips*

We therefore affirm the trial court judgment. Cacchiotti claims the right to its costs, including reasonable attorney fees, for this appeal in accordance with RCW 7.06.060. Desert Sun does not dispute the application of that statute to this case. Upon timely compliance with RAP 18.1(d), our commissioner will consider any claim for attorney fees.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Pennell, J.

7